**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MATTHEW ALWARD,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-25-373** |
| **FCI-CUMBERLAND, *et al.*,** | * | |
| **Defendants.** | * | |

**MEMORANDUM OPINION**

Matthew Alward, a prisoner in the custody of the Federal Bureau of Prisons ("BOP") who is proceeding without counsel, alleges BOP employees failed to protect him from harm when they communicated to other inmates that he was a "snitch" to provoke assaults and that they retaliated against him for filing complaints while he was incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland").[1] ECF 1, 64. Alward filed this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against FCI-Cumberland, BOP, the Director of BOP, Federal Prison Industries, the United States, and BOP employees Eric Rokosky, Michael Southern, Counselor Rice, Officer Ghuman, Counselor Hunt, and MJ Bayless, claiming they violated his Eight Amendment rights.

In the two months after he filed his initial complaint, Alward submitted 52 additional filings, motions, and correspondence, which caused the Court to issue a 14-page order that resolved the motions, imposed a filing restriction that required Alward to seek leave of Court by way of a letter before filing any additional motions, and required him to file an amended complaint to correct his pleading deficiencies. ECF 54. Then, after filing nine additional documents, including

[1] Alward has since been released from custody. ECF 113 (notice of change of address).

five motions and an "emergency" motion, Alward finally filed an amended complaint.[2] ECF 55–64. Alward subsequently filed additional correspondence and 11 motions seeking leave to file additional motions. ECF 65–77. In response, the Court issued a second comprehensive order denying the motions and admonishing Alward again that he "may not file inappropriate, unnecessary, irrelevant, or duplicative filings." ECF 79, at 3. Still undeterred, Alward submitted numerous additional filings, including the pending motions to seek leave to compel (ECF 83, 86), for funds to hire a private investigator (ECF 87), for leave for a court-ordered subpoena (ECF 89), for leave to appoint counsel (ECF 99), for leave for something the Court could not discern because the contents were illegible (ECF 105), for discovery (ECF 107), for leave to issue subpoenas (ECF 108), and to compel witness depositions (ECF 109). Because the Court dismisses this case without prejudice for failure to exhaust administrative remedies, and to avoid expending more judicial resources in this case, Alward's pending motions are summarily denied as moot.

The defendants sought two extensions of time, ECF 88 & 94, which are granted *nunc pro tunc*, and they filed a motion to dismiss, or in the alternative, for summary judgment, ECF 95. Alward was advised of his right to oppose the motion, ECF 96, and he filed an opposition and a supplemental opposition, ECF 97 & 98. The defendants replied. ECF 102. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The defendants' motion, treated as a motion for summary judgment, is granted because Alward failed to exhaust administrative remedies. Alward's complaint is dismissed without prejudice.

[2] Alward likely mailed some of these filings before he received the Order requiring him to seek leave to file motions.

## I. Background

Alward alleges that, in November, 2024, after he complained to Warden Rokosky about how an issue related to his prison job was handled, the warden emailed Michael Southern "explaining [Alward's] complaint that he did not follow policy and give Alward back his job." ECF 64, at 1. Southern showed the email to another inmate and told that inmate that Alward had "snitched" on Southern. *Id*. Alward was permitted to return to work, and when he did, Southern "told the whole business office that Alward had just 'snitched them out' and they need to 'stop picking on him.'" *Id*. Alward alleges that because he was "labeled a snitch," he was assaulted by several inmates. *Id*. Alward claims that Southern violated his Eighth Amendment rights by "disclosing Alward's personal information." *Id*. He also claims that Warden Rokosky knew of Southern's actions and failed to act, which resulted in further assaults. *Id.* at 2.

Alward next alleges that Counselor Rice "knew Alward's status and knew of what was happening with Southern" but "placed Alward in a cell with Brandon Hattaway and while laughing told Alward 'be careful.'" *Id*. Hattaway then assaulted Alward. *Id*. Alward "wrote a letter explaining everything to Rice and Cook but nothing ever happen[ed]." *Id*. Alward further alleges that Rice told additional people that Alward had snitched on them. *Id*.

Alward alleges that, in retaliation for Alward's grievances and complaints, Counselor Hunt "purposely went out a month and a half back to look for any reason to write a misconduct report and found one." *Id.* at 3. Alward claims that Hunt violated his First Amendment rights. *Id.*

Alward further alleges that, in late January 2025, Officer Ghuman "told inmates in D-2 unit that Alward was a snitch and worked for prison security." *Id*. He also alleges that Ghuman approached Matthew Delawder and Paul Greseth and "tried to get Alward intimidated to drop this lawsuit," after which Alward was assaulted in the bathroom. *Id*. Alward alleges that he was

assaulted numerous times in the bathroom by various people.[3] *Id.* Alward contends that the "Regional Director was also made aware but chose to ignore all help cries." *Id*. at 3–4.

In response to Alward's allegations, the defendants argue that Alward failed to exhaust his available administrative remedies, and they submit several supporting exhibits, including the declaration of Misty Shaw, Paralegal at the Mid-Atlantic Regional Office of the BOP. ECF 95, at 16–19; ECF 95-1. Shaw avers that Alward filed 19 requests for administrative remedy since November 2024, and four of these requests related to the allegations outlined in the amended complaint:

> a. On February 6, 2025, the Mid-Atlantic Regional Office received administrative number 1228254-R1 regarding "staff disclosing dangerous info to inmate." On February 7, 2025, the remedy was rejected because it was on the wrong form and he filed at the wrong level – he must begin at the institution.
>
> b. On April 4, 2025, the Mid-Atlantic Regional Office received administrative remedy number 1236037-R1 regarding staff misconduct. On April 30, 2025, the remedy was closed for information purposes which stated that a local fact-finding process occurred to investigate the allegations presented. As a result of the review, it was determined that no credible evidence supported staff misconduct.
>
> c. On April 25, 2025, the Mid-Atlantic Regional Office received administrative remedy number 1238669-R1 regarding "assaulted and violated by another inmate." On May 5, 2025, the remedy was closed for information purposes which stated that a local fact-finding process occurred to investigate the allegations presented.
>
> d. On June 2, 2025, the Central Office received administrative remedy number 1238669-A1 regarding "assaulted and violated by another inmate." The remedy was rejected for Plaintiff's failure to provide a copy of his regional appeal and he was instructed to resubmit within 15 days of the date of the rejection notice. He did not do so.

---

[3] Alward names several non-party individuals in the amended complaint; it is not apparent whether these individuals are inmates, correctional officers, or other BOP employees.

ECF 95-1, ¶ 15. None of these requests for administrative remedy was filed before Alward filed his initial complaint on February 5, 2025.

Alward does not dispute the defendants' description of his administrative remedy activity. *See* ECF 97 & 98. Instead, Alward argues that "[r]emedies are in fact futile" and that "the emergency nature allows for waiver of exhaustion." ECF 98, at 2. He also asserts that "[r]emedies about Rice would need to be turned in to Rice which also makes this step futile as a 'bad report about him, goes to him for rectifying,'" and he adds that "Counselor Rice denied remedies to Plaintiff." ECF *Id.* at 3.

## II. Standard of Review

The defendants move to dismiss the complaint for failure to state a claim or alternatively for summary judgment. The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). When the parties present and the Court considers matters outside the pleadings on a Rule 12(b)(6) motion, the Court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Alward received sufficient notice that the motion may be treated as a summary judgment motion. The Court sent notice advising Alward that the defendants' motion could be construed as one for summary judgment and could result in the entry of judgment against him. ECF 96. Moreover, the defendants' motion, identifying summary judgment as possible relief, provided sufficient notice for Alward to have a reasonable opportunity to present relevant evidence in

support of his position. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). Thus, the Court is satisfied that Alward has been advised that the defendants' motion could be treated as one for summary judgment and that he has been given a reasonable opportunity to present materials in response to the motion.[4] The Court will resolve the motion under Rule 56.

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party

---

[4] Rule 56(d) of the Federal Rules of Civil Procedure allows a district court to defer summary judgment to allow for discovery when a nonmovant shows that they "cannot present facts essential to justify [their] opposition[.]" A party invoking Rule 56(d)'s protections ordinarily must submit a Rule 56(d) declaration setting forth their reasons for opposition. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). Even without a Rule 56(d) declaration, the court may consider whether the nonmoving party "adequately informed the [ ] court that the motion [for summary judgment] is [premature] and more discovery is necessary." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002). The Fourth Circuit has emphasized that discovery is "broadly favored" before granting summary judgment and that district courts are to afford pro se plaintiffs leniency in regard to the requirements of Rule 56(d). *See, e.g.*, *Farabee v. Gardella*, 131 F.4th 185, 193–95 (4th Cir. 2025). Relief under Rule 56(d) should be "liberally granted," especially "in the context of pro se litigation." *Jenkins v. Woodard*, 109 F.4th 242, 251 (4th Cir. 2024).

Alward filed motions seeking discovery after the defendants filed their dispositive motion. ECF 107, 108, 109. But he does not seek discovery related to his exhaustion of administrative remedies—the only ground for the defendants' motion for summary judgment. Because the Court's analysis is limited to whether Alward failed to exhaust administrative remedies, Alward's motions for discovery, which seek discovery related only to the merits of his claims, are denied as moot. Because Alward has not sought discovery concerning the exhaustion of his administrative remedies, the Court will treat the defendants' motion as a summary judgment motion and rule on exhaustion grounds.

must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Id.* at 251. The Court "should not weigh the evidence." *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249). However, if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," then summary judgment is proper. *Id.* (citation modified); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In ruling on a motion for summary judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (citation modified).

**III. Analysis**

The defendants raise the affirmative defense that Alward has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

Exhaustion under § 1997e(a) is mandatory. Thus, Alward must exhaust his available administrative remedies before this Court will hear his claims. *See Ross v. Blake*, 136 S. Ct. 1850,

1857 (2016); *Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 2d 674, 682 (4th Cir. 2005). Any claim that Alward has not properly presented through an available administrative remedy procedure must be dismissed pursuant to the PLRA. *See Ross*, 136 S. Ct. at 1857.

To properly exhaust his administrative remedies, an inmate must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Under this requirement, an inmate must use "all steps that the agency holds out, and [do] so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 93 (citation modified) (emphasis in original). A court will not dismiss a claim as unexhausted "if a prisoner, through no fault of his own, was prevented from availing himself of [an administrative remedy]." *Moore*, 517 F.3d at 725.

An inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 635–36. The Court will not grant summary judgment to the defendants because of a failure to exhaust "if a prisoner, through no fault of his own, was prevented from availing himself of [an administrative remedy]." *Moore*, 517 F.3d at 725. "The Supreme Court has identified certain circumstances in which an official grievance policy is not 'capable of use' in this sense," including "situations in which officials 'thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Moss v. Harwood*, 19 F.4th 614, 621 (4th Cir. 2021) (quoting *Ross*, 578 U.S. at 644).

The BOP has established a four-step administrative remedy process for inmates to raise "issue[s] relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a), 542.13(a), 542.14(a), 542.15(a). First, inmates must complain informally using the measures their prison

established. 28 C.F.R. § 542.13(a). Second, within 20 days after the action or inaction giving rise to the inmate's complaint, the inmate must conclude the informal efforts and submit a "formal written Administrative Remedy Request, on the appropriate form." 28 C.F.R. § 542.14(a). Third, if the inmate "is not satisfied with the Warden's response" to the formal complaint, the inmate "may submit an Appeal on the appropriate form . . . to the appropriate Regional Director" within 20 days of when the warden signed the response. 28 C.F.R. § 542.15(a). Fourth, if the inmate "is not satisfied with the Regional Director's response," the inmate may "submit an Appeal on the appropriate form" to the BOP General Counsel within 30 days of when the regional director signed the response. *Id.* Completion of all four steps will exhaust an inmate's administrative remedies.

The undisputed evidence before the Court shows that Alward failed to exhaust his administrative remedies. Alward filed four requests for administrative remedy regarding the issues presented in the amended complaint, but he did not submit any of them *before* filing his initial complaint. Additionally, Alward failed to complete the four-step process for any of his requests.

Alward argues that exhaustion would have been futile. Specifically, Alward asserts that it would have been futile to exhaust his remedies as to Rice because he would have to submit his complaint to Rice. ECF 98, at 3. Yet Alward also says that "Counselor Rice denied remedies to Plaintiff," *id.*, suggesting Alward did submit a complaint to Rice. There is no evidence that Alward submitted a formal Administrative Remedy Request after Rice denied his request for relief. And Alward does not explain why it would have been futile for him to pursue the subsequent steps in the administrative exhaustion process.

Alward also argues that he filed his complaint on an emergency basis and thus should be excused from the exhaustion requirement. This argument fails. In his complaint and amended complaint, Alward seeks monetary damages, not injunctive relief, for the alleged violation of his

constitutional rights. There was no emergency preventing exhaustion of administrative remedies. Alward could have pursued and completed the administrative process before he filed this lawsuit, but he did not.

Alward did not attempt to exhaust his administrative remedies before filing suit, and after he filed suit, he did not attempt to complete the administrative exhaustion process that he started. Alward does not offer any evidence that the official grievance policy was not "capable of use." *Moss*, 19 F.4th at 621 (citation modified). No "machination, misrepresentation, or intimidation" prevented him "from taking advantage of a grievance process." *Id.* (citation modified).

Because Alward failed to exhaust the available administrative remedies for the claims in his amended complaint, the defendants' summary judgment motion is granted.

## IV. Conclusion

The defendants' motion, treated as a motion for summary judgment, is granted because Alward failed to exhaust administrative remedies.[5] The amended complaint is dismissed without prejudice.[6] The defendants' motions for extension of time, ECF 88 and 94, are granted *nunc pro tunc*. Alward's motions for leave to file (ECF 83), to compel (ECF 86), for funds to hire private investigator (ECF 87), seeking leave for a court ordered subpoena (ECF 89), to appoint counsel

[5] The Court need not address the defendants' additional defenses and arguments because summary judgment is granted for failure to exhaust.

[6] Even though the defendants have moved for summary judgment, and the Court has considered evidence attached to the motion in reaching its decision, the Court dismisses Alward's claims without prejudice to his right to bring his claims in a new civil action if he first exhausts them. *See Moss*, 19 F.4th at 623 & n.3 (affirming grant of summary judgment and dismissal without prejudice for failure to exhaust and noting it was "consistent with precedent" to grant summary judgment yet dismiss without prejudice if the claims might later be exhausted).

(ECF 99), for leave to file (ECF 105), for discovery (ECF 107), for other relief (ECF 108), and to compel (ECF 109) are denied as moot.

A separate order follows.

September 9, 2026
Date

Deborah L. Boardman
United States District Judge